IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SEVERINO RODRIGUEZ AND BEATRIZ RODRIGUEZ | § § § § § | |
| *Plaintiffs*, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| ALLSTATE TEXAS LLOYD'S | § § § | |
| *Defendant*. | § § § § | |

### ALLSTATE TEXAS LLOYD'S' NOTICE OF REMOVAL

Allstate Texas Lloyd's ("Allstate") timely files this Notice of Removal, pursuant to 28 U.S.C. Sections 1441(a), 1446(b), and 1332(a), removing this action from the Hidalgo County Court at Law No. 7, Texas to the United States District Court for the Southern District of Texas, McAllen Division. In support thereof, Allstate shows the Court as follows:

### I.   Background

1. On or about May 24, 2022, Plaintiffs allegedly sustained property damages arising from a windstorm, which Plaintiffs allege are covered in an insurance policy that Plaintiffs had with Allstate.[1] Plaintiffs further allege that Allstate "failed to perform its contractual duty to adequately compensate the Rodriguez under the terms of the policy."[2]

2. On August 10, 2023, Plaintiffs served Defendant with the lawsuit styled *Severino Rodriguez and Beatriz Rodriguez v. Allstate Texas Lloyd's* via process server through Defendant's registered agent, in which Plaintiffs seek to recover from Allstate for all damages arising from the

---

[1] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraph 5.1 through 5.3.
[2] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraph 5.18.

windstorm pursuant to a policy of insurance issued by Allstate.[3] Therein, Plaintiffs assert causes of action against Allstate for breach of contract; violation of section 541 and 542 of the Texas Insurance Code; DTPA violations, misrepresentation and breach of the duty of good faith and fair dealing.[4]

3. Plaintiff pleads for monetary relief " over $250,000 excluding interest, statutory or punitive damages and penalties, and attorney fees and costs."[5]

## II.   Grounds for Removal

4. This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446 because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A. Parties are Diverse**

    i.   Plaintiffs' Citizenship

5. Plaintiffs are natural people who own property and reside in Texas, thus demonstrating that Plaintiffs are domiciled in the state of Texas.[6] Plaintiffs have not plead or alleged citizenship of any state other than Texas. Plaintiffs are believed to be citizens of Texas because "for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled."[7] Thus, "Plaintiffs are citizens of Texas for purposes of diversity."[8]

---

[3] *See generally,* Exhibit B-1 Plaintiffs' Original Petition.
[4] *See* Exhibit B-1, Plaintiffs' Original Petition, paragraphs VIII through XIII.
[5] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraph 1.1.
[6] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraph 2.1.
[7] *O'Neal v. DePuy Synthes Sales, Inc.,* No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019), *citing Wachovia Bank v. Schmidt,* 126 S. Ct. 941, 951 (2006); *and, Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 451 (5th Cir. 2003).
[8] *Id.*

      ii.    <u>Allstate's Citizenship</u>

6.    Defendant Allstate was at the time the lawsuit was filed and at the time of Defendant's Notice of Removal, an Illinois unincorporated association with its principal place of business in Illinois. Accordingly, Allstate is a citizen of the State of Illinois for diversity purposes.

7.    Therefore, because Plaintiffs are citizens of the State of Texas and Allstate Texas Lloyd's is a citizen of the State of Illinois, complete diversity of citizenship exists between the parties.

## B. Amount in Controversy

8.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[9] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[10]

9.    If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[11]

      i.    <u>It is facially apparent from the petition that the claim likely exceeds $75,000.00</u>

10.    Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs' pleading seeks damages of monetary relief "over $250,000 excluding interest, statutory or punitive damages and penalties, and attorney fees and costs."[12] Thus, this matter exceeds the amount in controversy

---

[9] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[10] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[11] *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).
[12] Rule 47 requires one of the following claims for relief:
(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses; prejudgment interest, and attorney fees; or

requirement set forth in 28 U.S.C. § 1332. However, even if it is determined that is not facially apparent from the petition that Plaintiffs' claim likely exceeds $75,000.00, the facts in controversy support a finding that Plaintiffs' claim likely exceeds that amount.

    ii.    <u>Evidence of the amount in controversy support a finding that the claim exceeds $75,000.00.</u>

11. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages."[13]

12. Here, Plaintiffs' petition seeks the following categories of damages:

- Cost to properly repair Plaintiffs' home;
- Consequential damages;
- Additional damages;
- Exemplary damages;
- Treble damages;
- Costs;
- Attorney's fees; and
- Interest.[14]

13. Plaintiffs' pleading of damages clearly indicates an amount in controversy greater than $75,000.[15]

---

(2) monetary relief of $100,000 but not more than $200,000; or
(3) monetary relief over $200,000 but not more than $1,000,000; or
(4) monetary relief over $1,000,000
*See* Tex. R. C. P. 47; *and* <u>Exhibit B-1,</u> Plaintiffs' Original Petition, Paragraph 1.1.
[13] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against his insurance company).
[14] *See* <u>Exhibit B-1,</u> Plaintiffs' Original Petition, Section XV, Paragraphs 15.1 through 15.9.
[15] *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the Plaintiffs' claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).

14.     In addition to the foregoing, Plaintiffs' insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits. Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg* defined the "object of the litigation" as the "value of the right to be protected."[16] In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim."[17]

15.     The subject homeowner's policy forms the contractual basis for Plaintiffs' breach of contract claim.[18] The policy provides that the limits of coverage to Plaintiffs' property at issue are $170,000 in dwelling protection; $17,000 in other structures protection; and $93,060 in personal property protection for a total of $280,060 in total policy coverages.[19]

16.     The limits for the insured property implicate an amount in controversy above the jurisdictional threshold. That is, it is the policy that serves as the basis of Plaintiffs' breach of contract claim.[20] Accordingly, Plaintiffs' breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

17.     Further, Plaintiffs' own demand letter (the "Demand") implicates an amount in controversy that exceeds $75,000.00. Plaintiffs' Demand dated April 3, 2023, makes a pre-suit demand for

---

[16] 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).
[17] 293 F.3d 908, 911 (5th Cir. 2000).
[18] *See generally,* Exhibit B-1, Plaintiffs' Original Petition.
[19] *See* Exhibit D, Policy Declarations Sheet.
[20] *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiffs breach of contract claim facially implicated the limits of the policy).

$81,400.00.[21] Thus, Plaintiffs' own Demand clearly shows that the amount in controversy in this matter is likely to exceed $75,000.00.

18. Taking into consideration Plaintiffs' pleading, the categories of damages asserted, the policy limits applicable to this specific occurrence, Plaintiffs' demand and the contractual and extra-contractual damages claimed by Plaintiffs, it is clear that the amount in controversy exceeds $75,000.00.

### III. Grounds for Removal

19. This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[22]

20. Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Hidalgo County, Texas, the venue where this suit was initiated.[23]

21. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto.[24]

22. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the County Clerk of Hidalgo County.

### IV. Prayer

WHEREFORE, Defendant Allstate Texas Lloyd's hereby removes the above-captioned matter, now pending in the Hidalgo County Court at Law No. 7, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

---

[21] *See* Exhibit E, Plaintiffs Statutory Demand Letter.
[22] *See* 28 U.S.C. §1446(b)(l), and Exhibit B-3, Affidavit of Service dated August 11, 2023.
[23] *See* generally, Exhibit B-1, Plaintiffs' Original Petition.
[24] *See* Exhibit B – Exhibit B-5.

Respectfully submitted,

By:   */s/Nicholas Smith*
     **Nicholas Smith**
     State Bar No. 24093175
     nsmith@thompsoncoe.com
     THOMPSON, COE, COUSINS, IRONS, L.L.P.
     10001 Reunion Place, Suite 400
     San Antonio, TX 78216
     Telephone: (830) 252-5100

     and

     **Roger D. Higgins**
     State Bar No. 09601500
     rhiggins@thompsoncoe.com
     **R. Annie Banks**
     State Bar No. 24120361
     abanks@thompsoncoe.com
     THOMPSON, COE, COUSINS, IRONS, L.L.P.
     Plaza of the Americas
     700 N. Pearl Street, Twenty-Fifth Floor
     Dallas, TX 75201-2832
     Telephone: 214-871-8200
     Facsimile: 214-871-8209

**ATTORNEY FOR DEFENDANT ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure on the 8th day of September, 2023:

Jason Palker
Palker Law Firm, PLLC
4428 S. McColl Rd.
Edinburg, TX 78539
Telephone: (956) 320-0270
Email: service@palkerlaw.com

     */s/ Nicholas Smith*
     Nicholas Smith